IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

JAMES DETWILER,              :
                             :
        Petitioner           :
                             :
    v.                       :    CIVIL NO. 3:CV-16-1566
                             :
BRENDA TRITT,                :    (Judge Conaboy)
                             :
        Respondent           :
_____

## **MEMORANDUM**
### **Background**

This pro se petition for writ of habeas corpus was initiated by James Detwiler, an inmate presently confined at the State Correctional Institution, Frackville, Pennsylvania (SCI-Frackville). Service of the Petition was previously ordered.

Petitioner plead guilty to charges of third degree murder, robbery, burglary, and conspiracy on October 18, 1993. As a result of his plea, he was sentenced on September 2, 1994 to a seven and one half (7 ½) to twenty (20) year term of imprisonment. During May, 2000, Detweiler was granted parole by the Pennsylvania Board of Probation and Parole (Parole Board).

On July 11, 2001, police and parole agents attempted to arrest Petitioner for a parole violation. Detweiler temporarily evaded arrest by stealing a truck and leading police on a chase. As a result of this incident, Petitioner was charged with multiple counts of aggravated assault, simple assault, reckless

1

endangerment; theft; unauthorized use of a vehicle; fleeing police; reckless driving; resisting arrest; and related offenses. On April 11, 2002, Petitioner entered a guilty plea to one felony and eight misdemeanors and was subsequently sentenced to a one (1) to two (2) year sentence. He also still had twelve (12) years remaining on his original sentence.

Detweiler was granted parole for a second time in May, 2005. On July 30, 2008, Petitioner was arrested for possession of a firearm and possession and distribution of a small amount of marijuana. After being found not guilty of the firearm offense but guilty of drug related charges in the Court of Common Pleas of Lebanon County, Petitioner served a two (2) year term of imprisonment. As a collateral consequence of these latest charges, the Parole Board revoked Petitioner's parole. Upon the completion of his Lebanon County sentence, Detweiler was returned to State custody to serve back time remaining on his original sentence.

Petitioner's pending action does not question the legality of his guilty pleas or criminal conviction. He also does not challenge the legality of the criminal sentences imposed as a result of those convictions. Rather, Petitioner claims entitlement to federal habeas corpus relief on the grounds that by repeatedly denying his requests for reparole, the Parole Board violated his due process rights. See Doc. 1, p. 21.

2

Specifically, Detweiler contends that since he was found not guilty of a firearms offense, the Parole Board has acted improperly by basing its subsequent parole denials on his possession of a firearm. Detweiler further contends that the unfavorable parole recommendations from the prosecuting attorney are vindictive and as such an inappropriate grounds to deny reparole.

## **Discussion**

Petitioner was denied reparole every year from 2011 to 2016. The most recent denial issued prior to the initiation of this action occurred on February 8, 2016. In that decision, the Parole Board after conducting a file review and an interview with Detweiler denied his reparole application on multiple grounds notably that he had an unsatisfactory parole supervision history; reports, evaluations, and assessments indicated that Petitioner posed a risk to the community if released; Detweiler's refusal to accept responsibility for his crimes; a negative recommendation by the prosecuting attorney; and Petitioner's lack of remorse. See Doc. 1, p. 36.

Title 28, United States Code § 2241, vests the federal district courts with jurisdiction to grant a writ of habeas corpus to persons in custody in violation of the Constitution, laws, or treaties of the United States. See 28 U.S.C. § 2241(c)(3).

3

It is well-settled that "there is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." Greenholtz v. Inmates of Nebraska Penal & Correctional Complex, 442 U.S. 1, 7 (1979). Likewise, the Pennsylvania parole statute does not create a liberty interest in the right to be paroled. Rodgers v. Parole Agent SCI-Frackville, Wech, 916 F. Supp. 474, 476-77 (E.D. Pa. 1996); McCrery v. Mark, 823 F. Supp. 288, 294 (E.D. Pa. 1993); Thorpe v. Grillo, 80 Fed. Appx. 215 (3d Cir. 2003)(because there is no constitutional right to parole, any substantive due process claim is foreclosed); Perry v. Vaughn, 2005 WL 736633 at *10 (E.D. Pa. March 31, 2005).

However, the United States Court of Appeals for the Third Circuit has also held that:

> [E]ven if a state statute does not give rise to a liberty interest in parole release under Greenholtz, once a state institutes a parole system all prisoners have a liberty interest flowing directly from the due process clause in not being denied parole for arbitrary or constitutionally impermissible reasons.

Block v. Potter, 631 F.2d 233, 236 (3d Cir. 1980). Accordingly, even where a state statute grants discretion to the state parole board to condition or completely deny parole, it may not permit "totally arbitrary parole decisions founded on impermissible criteria." Id. Consequently, a federal court may review a decision by a state parole board for an abuse of discretion. Id. Upon such review, relief will only be available if an applicant

4

can show that parole was arbitrarily denied based on some impermissible reason such as "race, religion, or political beliefs," or that the parole board made its determination based on "frivolous criteria with no rational relationship to the purpose of parole . . . ." Id. at 236 n.2.

There is no allegation that Detweiler was denied parole on the basis of his race, religion, or ethnicity. As previously discussed, there is a claim that the Parole Board applied inappropriate criteria in rendering its decision to deny parole. It is initially noted that February 8, 2016 adverse parole decision contains no clear indication that parole was denied either in whole or in part because of the dismissed firearm charge.

The decision challenged herein stated that Detweiler, who has had multiple prior failures when afforded parole, had been interviewed and a review of his file had taken place. Based upon a review of the undisputed record, Detweiler clearly had two failed prior parole releases. As such, the Parole Board clearly did not abuse its discretion by concluding that Petitioner had a prior unsuccessful parole supervision history. Moreover, the two prior failed parole releases were an appropriate and relevant factor to be considered by the Parole Board in assessing Petitioner's suitability for release.

The Parole Board added that reports, evaluations, and assessments regarding the Petitioner indicated that he would pose a threat to the community if released. Once again such

5

reports/assessments were a proper source of information to be considered by the Parole Board in reaching its decision. Likewise, an unfavorable recommendation by a prosecuting attorney was also a relevant and appropriate report to be relief upon in making a parole eligibility determination.

The parole decision rendered in Detweiler's case was simply not premised upon the type of frivolous criteria which would warrant relief under <u>Block</u>. This is not a case where reparole was denied solely based upon an unproven firearms charge or where Petitioner was denied parole based solely upon a technical parole violation for possession of a small amount of marijuana. Rather, the unproven firearms charge is not specifically referenced in the Parole Board's decision and Petitioner was criminally convicted of possession of marijuana and served a two year sentence.

The Parole Board's February, 2016 decision specifically enumerated legitimate reasons for denying parole, notably two failed prior parole releases during which Detweiler engaged in new criminal conduct and reports/assessments indicating that he posed a threat to the community if released. As previously discussed, federal courts are not authorized to second guess Parole Board determinations but rather habeas corpus relief is limited to those situations where the Parole Board has engaged in conscience shocking decision making which is arbitrary and capricious. <u>See</u> <u>Hunterson v. DiSabato</u>, 306 F. 3d 236, 246-7 (3d Cir. 2002).

6

In the present case the Parole Board simply did not rely on any factors which could be described as conscience shocking. The factors cited by the February 2016 adverse parole decision were relevant and appropriate. Accordingly, the Parole Board's decision did not violate Petitioner's constitutional due process protections.

**Conclusion**

There is simply no foundation to support a conclusion that the decision to deny parole was based on constitutionally impermissible reasons. Since Detweiler's claim regarding the denial of his 2016 reparole application by the Parole Board does not rise to the level of a constitutional violation, his petition is subject to dismissal. An appropriate Order will enter.

S/Richard P. Conaboy
RICHARD P. CONABOY
United States District Judge

DATED: APRIL 24, 2018